C. D. Paige & Co.
vs.
John F. Gibbons, Adm'r Est. of James P. Gibbons, Dec'd, et al. } P. A. No. 1215.

July 22, 1932.

FROST, J. This is an appeal from a decree of the Probate Court of the City of Providence whereby C. D. Paige, doing business as C. D. Paige & Co., was denied permission to file a claim against the estate of James P. Gibbons, deceased. The jury rendered a verdict giving the right to file such claim and the action is now before the Court on the administrator's motion for a new trial.

C. D. Paige & Co. did business with James P. Gibbons for some years prior to the latter's death, which occurred on June 19, 1925. After the death of James P. Gibbons, the business was continued by John F. Gibbons, administrator of the estate, apparently under the same name as formerly, namely Gibbons' Express, and C. D. Paige also continued furnishing policies of insurance as before. The appellant in this proceeding claims that the estate is indebted to him in the sum of $914.91. No claim was filed against the estate within a year following the first advertisement to creditors, but on July 3, 1930, a petition for leave to file his claim against the estate was filed in the Probate Court by this appellant. This was a petition under the provisions of Section 3 of Chapter 365, Gen.

Laws of R. I. 1923, and was addressed to the discretion of the Court. The pertinent portion of the section reads as follows:

"provided, also that a creditor who, by reason of any other cause, has failed to file his claim, may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe, which claim, if allowed, shall be paid out of the assets remaining in the hands of the executor or administrator."

The probate court after a hearing declined to allow the claim to be filed, on the ground, it would seem, that the claim was one against the administrator rather than against the estate. The matter was brought to this Court through appeal of the claimant from a decree of the Probate Court denying and dismissing the petition for leave to file a claim. A jury trial was claimed by appellee and a verdict was rendered in favor of the appellant. The action is an appeal from a decree of the Probate Court made in its discretion. Notwithstanding the fact that the act of the Probate Court was one within its discretion, the statute allows an appeal.

Chap. 362, Section 1, G. L. of R. I., 1923;

*MacKenzie & Shea* vs. *R. I. Hospital Trust Co.*, (1923) 45 R. I. 407 at 410.

An appeal from a decree made in the discretion of the Probate Court creates a situation somewhat difficult and delicate. The Court has no means of knowing what evidence was before the Probate Court. All it and the jury can do is to consider the evidence presented, since the petition is tried *de novo* (*MacKenzie & Shea* vs. *R. I. Hospital Trust Co.* at p. 411), and exert its judgment upon such evidence.

In this case a petition was presented some considerable time subsequent to the time limited by statute for the filing of claims. The estate, however, had not been distributed. The petition was preferred by a person who was and had been engaged in a legitimate business in the City of Providence for some years back. The ledger cards kept in the ordinary course of business upon their face revealed an indebtedness on the part of James P. Gibbons, at the time of his death, to C. D. Paige & Co. These facts were before the jury and their verdict was that this appellant should be permitted to file his claim out of time against the estate. The Court cannot say that the verdict of the jury was against the weight of the evidence or against the law as given to the jury by the Court. In the opinion of the Court the verdict of the jury does substantial justice between the parties and the motion for a new trial is denied.

Attorney for the appellant: William A. Gunning.

Attorneys for the appellee: Walter J. Hennessey, Comstock & Canning.